Jimmy MODESITT, Appellant,

v.

STATE of Indiana, Appellee.

No. 11S04–9109–CR–755.

Supreme Court of Indiana.

Sept. 26, 1991.

David O. Thomas, Public Defender, Brazil, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

Defendant–Appellant Modesitt seeks transfer from the Court of Appeals' memorandum decision affirming his convictions by jury in the Clay Superior Court on three felony counts of child molesting and one felony count of criminal deviate conduct. 565 N.E.2d 1178. The thrust of Modesitt's petition to transfer is that the Court of Appeals' memorandum decision contravenes ruling precedent of this Court as expressed in *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, and its progeny or, in the alternative, that such memorandum decision followed ruling precedent as set forth in *Patterson* and the subsequent cases but the rule enunciated in *Patterson* is in need of modification. We accept transfer for both reasons and, in so doing, vacate the memorandum decision of the Court of Appeals, reverse Modesitt's convictions, and remand this case for a new trial.

The facts necessary for our discussion of the *Patterson* issues are that Modesitt was charged with three counts of child molesting and one count of criminal deviate conduct for allegedly having molested the 11–year–old daughter of his live-in girlfriend while the three of them lived in a mobile home trailer in Brazil, Indiana. At trial the prosecutor called, as his first three witnesses, the victim's mother, a welfare caseworker, and a psychologist, respectively. All three witnesses were permitted to testify, over objection, as to what the victim had told each of them concerning what Modesitt had done to her.

The mother testified that the victim first told her of the molestations after the two of them had separated from Modesitt. The mother was permitted to testify in detail concerning the victim's description of several varied and distinct instances of molestation involving breasts, vagina and penis that occurred over a two-year period immediately prior to the separation.

The second witness, a welfare caseworker, testified over objection as to what the victim had told her that Modesitt had done. The descriptions the victim gave to her both overlapped and varied in specific detail from what the victim had told her mother.

The third witness, a psychologist, testified in a videotaped deposition as to what the victim had related to her concerning these same, and additional, instances of sexual molestation. Also, the State was permitted to introduce a letter signed by the psychologist which repeated the victim's recounting of the instances of sexual molestation.

Only after the testimony of these three witnesses was completed was the victim called to testify. A review of her evidence corroborates a majority of the acts of molestation previously testified to, but does not corroborate each of the alleged acts. Additionally, the victim was not specifically asked whether she made the statements referenced by the three previous witnesses or whether those statements were, in fact, true.

### I. *Was the Patterson Rule Abused?*

■ Modesitt argues that the prosecutor fundamentally abused the *Patterson* rule, violated his presumption of innocence, and impermissibly prejudiced the jury by repeating the victim's charges with numerous hearsay statements made through the mother, the caseworker, and the psychologist, when the victim was available to and did testify *after* these three witness, but did not corroborate all of the hearsay statements. Furthermore, Modesitt argues that the State failed to lay the necessary *Patterson* foundation by neglecting to ask the victim whether she remembered making

the declarations to the three *Patterson* witnesses. We agree.

In 1975 this Court, in the much-applauded and equally criticized opinion of *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, held that prior out-of-court statements, not under oath, were admissible as substantive evidence if the declarant was present and available for cross examination at the time of the admission of such statements. The reasoning utilized by the Court for the admission of such statements was that the truthfulness of the out-of-court assertions rested on the credibility of persons present and subject to cross examination concerning such statements. Within three years of rendering the *Patterson* opinion, this Court, in *Samuels v. State* (1978), 267 Ind. 676, 372 N.E.2d 1186, stated that "the rule drawn from *Patterson* may well be in need of reconsideration. To the extent that it has, on some occasions, been used to support the admission of out-of-court statements as a mere substitute for available in-court testimony, it has been misapplied." 372 N.E.2d 1186. Further, in *Stone v. State* (1978), 268 Ind. 672, 377 N.E.2d 1372, this Court quoted the *Samuels* language as condemning unjustifiable extensions of the *Patterson* rule and warned that "the use of prior statements of a trial witness by the proponent of the witness in lieu of available and direct testimony of such witness will not longer be sanctioned." 377 N.E.2d at 1375. Four years later in *Lewis v. State* (1982), Ind., 440 N.E.2d 1125, this Court was called upon to answer whether it was permissible to allow *Patterson* statements to be introduced by three witnesses who were called *after* the declarant-victim had already testified and been cross examined about the subject matter of these statements. We held, in affirming the convictions, that "the key question in determining whether or not an abuse of the *Patterson* rule has occurred is whether the State has submitted evidence as to the relevant factual events in the case by directly examining (and thereby making him available for cross examination) the witness-declarant about those facts." 440 N.E.2d at 1130. We further held that there was no improper application of the *Patterson* rule where the declarant of the prior statements

> had *already* withstood both direct and cross examination. The content of her prior statements, admitted through the three witnesses' recitations of her statements, related to those same facts to which she herself had *already* testified and about which she was or could have been cross examined. Thus, the *Patterson* rule was not used to admit substantive evidence in lieu of available and direct testimony of [the] witness' (emphasis added.) *Stone, supra,* 268 Ind. at 678, 377 N.E.2d at 1375. There was no violation of the hearsay rule.

*Id.* (Emphasis supplied)

As can be seen from the above cases, the rationale for the *Patterson* rule is that truthfulness is safeguarded by having the declarant available for cross examination as to the out-of-court statements. Here, by putting into evidence the victim's out-of-court charges against Modesitt by three separate and repetitive witnesses *prior to* calling the victim herself, the prosecutor effectively precluded Modesitt from effective cross examination of these charges. The jury first heard and was allowed to consider, as substantive evidence, the victim's statements made to her mother many months prior to trial. At this point, Modesitt had not yet had an opportunity to cross examine the victim herself concerning these charges and, obviously, he could not cross examine the mother concerning the truthfulness of the charges which had been leveled by her daughter. This lack of ability to cross examine the veracity of the statements continued through the repetitive testimony of the welfare caseworker and the psychologist. Prior to putting the victim on the stand, the victim's veracity had been, in essence, vouchsafed by permitting the three witnesses to repeat the accusations of the victim. We believe that immediate cross examination is the most effective, and that delayed cross examination is the least effective. Here, three witnesses told the victim's story before the victim herself testified. We hold, as did the Court of Appeals in *Stone v. State* (1989), Ind.

App., 536 N.E.2d 534, that we could not say that the drumbeat repetition of the victim's original story prior to calling the victim to testify did not unduly prejudice the jury which convicted Modesitt.

Additionally, Modesitt claims that the hearsay statements testified to by the three witnesses were erroneously admitted because of a lack of corroboration and foundation by the victim. Modesitt argues that some of the testimony elicited through the three witnesses was not corroborated by the declarant as required by several Court of Appeals and Supreme Court cases. Additionally, Modesitt argues that a proper foundation for the admission of the statements was not laid as required by *Lambert v. State* (1989), Ind., 534 N.E.2d 235, because the victim was not asked whether she remembered making the hearsay statements to the three witnesses or whether such statements were, in fact, true. We do not decide these two questions because we have determined that the drumbeat repetition of the *Patterson* statements prior to calling the victim herself precluded direct, immediate cross examination of the statements and constitutes error requiring reversal.

## II. *Should Patterson Be Overruled?*

Modesitt argues that the rule, as first announced in *Patterson*, and as interpreted by the courts thereafter, should be overruled. We agree.

The objective motivating the adoption of the *Patterson* rule remains valid. The Court's intention in *Patterson* was to create a rule that would allow the trier of fact to be introduced to relevant evidence that retained the necessary indicia of reliability. In 1975, when *Patterson* was decided, the majority of jurisdictions in the United States adhered to the orthodox view regarding admission of prior statements. This position prohibited admission of prior statements of any nature for any purpose other than impeachment. Indiana was one of the first jurisdictions to move away from this orthodox position.

In the 16 years since the rule's creation, however, numerous decisions by courts throughout this State have confused the application and clouded the original purpose of the rule. For example, the status of the law as it currently exists is that a declarant's out-of-court statements are admissible through the testimony of third persons, as substantive evidence, so long as the declarant is available for cross examination. However, once the witness has left the stand and is not in the courtroom, he is unavailable for cross examination and his prior statements are no longer admissible. *Gaunt v. State* (1983), Ind., 457 N.E.2d 211. A witness is similarly unavailable for cross examination if he refuses to testify on constitutional grounds. *Brewster v. State* (1983), Ind., 450 N.E.2d 507. If the declarant denies making the statement or claims not to remember making it, the hearsay statement may not be introduced as substantive evidence. *Watkins v. State* (1983), Ind., 446 N.E.2d 949, 960. However, if a statement is in the witness's own handwriting, *Johnson v. State* (1985), Ind. App., 480 N.E.2d 600, or in a recorded statement, it may be considered self-acknowledging and admissible even if the witness denies or fails to recall making it. *Lowery v. State* (1982), Ind., 434 N.E.2d 868. A repudiated statement may be introduced if the proper foundation is laid, but there must be corroborating evidence, other than the repudiated *Patterson* statement, to sustain a conviction. *Peckinpaugh v. State* (1983), Ind., 447 N.E.2d 576. Finally, we have held that it is not reversible error to have three witnesses testify to *Patterson* evidence, *Buttram v. State* (1978), 269 Ind. 598, 382 N.E.2d 166, but it is reversible error to allow several *Patterson* witnesses to bolster the declarant's testimony to the extent that the jury becomes prejudiced and confused. *Stone v. State* (1989), Ind.App., 536 N.E.2d 534.

All in all, we believe that the simple rule first enunciated in *Patterson* is no longer recognizable because of the grafting onto it of additional requirements and limitations. This does not mean, however, that the goals motivating the adoption of the rule originally stated in *Patterson* are not desirable objectives. In trying to achieve these objectives, we look to the approaches and

experiences of other jurisdictions around the country that have adopted rules regarding the admissibility of prior statements as substantive evidence.

Currently, by judicial decision[1] or statute[2], approximately 41 states have adopted a rule allowing the use of prior statements as substantive evidence. Although the rules vary from jurisdiction to jurisdiction, they do evidence almost universal recognition of the acceptability of prior statements as substantive evidence.

The Federal Rule is a well-considered approach that constructs workable guidelines for allowing prior statements to be used during trial. Rule 801(d)(1)(A) provides that a prior statement will not be deemed hearsay when a declarant testifies at trial or a hearing, subject to cross examination concerning the statement, and the statement is "inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." Subsection (B) allows prior consistent statements to be introduced to rebut charges of "fabrication or improper influence or motive." This succinct rule succeeds in devising a method which allows the most relevant type of prior statements to be introduced into court under conditions that sufficiently ensure their reliability.

By limiting the rule to inconsistent statements, the rule succeeds in curbing the type of abuses that occurred in this case. For example, statements could not be introduced to bolster the testimony of what might otherwise be regarded as a weak witness. Numerous witnesses could not be used to testify to the same statement given by a particular witness, thereby creating the prohibited drumbeat of repetition.

The requirement that the prior inconsistent statement had been made under oath provides another important safeguard. The purpose of requiring a witness to take an oath or affirmation prior to testimony is not only to impress upon him the solemnity and importance of the statements which he is about to make, but also to remind him that those statements must be truthful, otherwise he maybe subjected to punishment for perjury. We believe that if the act of oath taking fails to appeal to the moral, philosophical or religious tenets of the witness regarding the importance of telling the truth, at the very least, fear of criminal prosecution for failing to do so should.

■ In balance, we hold that, from this point forward, a prior statement is admissible as substantive evidence only if the declarant testifies at trial and is subject to

1. *Connecticut: State v. Whelan* (1986), 200 Conn. 743, 513 A.2d 86; *Georgia: Gibbons v. State* (1983), 248 Ga. 858, 286 S.E.2d 717; *Indiana: Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482; *Kentucky: Nugent v. Commonwealth* (1982), 639 S.W.2d 761; *Massachusetts: Commonwealth v. Daye* (1984), 393 Mass. 55, 469 N.E.2d 483; *Missouri: Rowe v. Farmers Ins. Co.* (Mo.1985), 699 S.W.2d 423; *Pennsylvania: Commonwealth v. Brady* (1986), 510 Pa. 123, 507 A.2d 66; *South Carolina: State v. Copeland* (1982), 278 S.C. 572, 300 S.E.2d 63, *cert. denied.*

2. *Alaska: Alaska R.Evid.* 801(d)(1)(A); *Arizona: Ariz.R.Evid.* 801(d)(1)(A); *Arkansas: Ark.Unif. R.Evid.* 801(d)(1)(i); *California: Cal.Evid.Code* § 1235 (West Compact Ed.1987); *Colorado: Colo.R.Evid.* 801(d)(1)(A) (civil cases), *Colo.Rev. Stat.* § 16–10–201 (1986) (criminal cases); *Delaware: Del.Unif.R.Evid.* 801(d)(1)(A) (civil cases) *Del.Code Ann.* tit. 11 § 3507(a) (1979) (criminal cases); *Florida: Fla.Evid.Code* 90.801(2)(a); *Hawaii: Haw.R.Evid.* 802.1(1); *Idaho: Idaho R.Evid.* 801(d)(1)(A); *Illinois: Ill.Ann.Stat.* Ch. 38, para. 115–10.1 (Smith–Hurd 1986) (criminal cases only); *Iowa: Iowa R.Evid.* 801(d)(1)(A); *Kansas: Kan.Civ.Proc.Code Ann.* § 60–460(a) (West Supp.1984); *Maine: Me.R.Evid.* 801(d)(1)(A); *Minnesota: Minn.R.Evid.* 801(d)(1)(A); *Mississippi: Miss.R.Evid.* 801(d)(1)(A); *Missouri: Mo.Rev.Stat.* § 491.074 (criminal); *Montana: Mont.R.Evid.* 801(d)(1)(A); *Nebraska: Neb.Rev.Stat.* § 27–801(4)(a)(i) (1985); *Nevada: Nev.Rev.Stat.Ann.* § 51.035(2)(a) (Michie 1986); *New Hampshire: N.H.R.Evid.* 801(d)(1)(A); *New Jersey: N. & R.Evid.* 63(1); *New Mexico: N.M.R.Evid.* 11–801(D)(1)(a); *North Dakota: N.D.R.Evid.* 801(d)(1)(i); *Ohio: Ohio R.Evid.* 801(D)(1)(a); *Oklahoma: Okla.Stat.Ann.* tit. 12, § 2801(4)(a)(1) (West 1980); *Oregon: Ore. R.Evid.* 801(4)(a)(A); *South Dakota: S.D. Codified Laws Ann.* § 19–16–2(1) (Rule 801(d)(1)(A)) (1979); *Texas: Tex.R.Evid.* 801(e)(1)(A); *Utah: Utah R.Evid.* 801(d)(1)(A); *Vermont: Vt.R.Evid.* 801(d)(1)(A); *Washington: Wash.R.Evid.* 801(d)(1)(i); *West Virginia: W.Va.R.Evid.* 801(d)(1)(A); *Wisconsin: Wis.R.Evid.* 908.-01(4)(a)(1); *Wyoming: Wyo.R.Evid.* 801(d)(1)(A).

cross examination concerning the statement, and the statement is (a) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (b) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (c) one of identification of a person made after perceiving the person. By so holding we do not intend to imply that this opinion will be given retroactive application to any pending or previously-determined cases. We are merely holding that, as of the date of publication of this opinion, the rule enunciated in *Patterson* and interpreted by the courts of this State is no longer the law of this State. Additionally, this decision does not affect the existing, recognized hearsay rule and its exceptions.

Because the trial court, in this case, allowed, over objection, the drumbeat repetition of the declarant's statements prior to the declarant's testifying and being subject to cross examination, we accept transfer, reverse the convictions and order a new trial.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., concurs in result.