**Dianna L. GRAY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 14S00–8807–00647.**

Supreme Court of Indiana.

Oct. 4, 1991.

Brent Westerfeld, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Following a jury trial, appellant, Dianna L. Gray, was convicted of dealing in cocaine, Ind.Code. 35–48–4–1, a Class A felony, and delivering a controlled substance classified in Schedule I of I.C. 35–48–2–4, a Class B felony, I.C. 35–48–4–2. She received a thirty-year sentence for the Class A felony conviction with ten years suspended and a concurrent ten-year sentence for the Class B felony conviction with four years suspended.

Appellant now brings this direct appeal maintaining (1) that because of her counsel's dual representation and failure to communicate plea offers, she was denied effective assistance of counsel guaranteed by the sixth and fourteenth amendments to the federal Constitution and Article I, § 13 of the Indiana Constitution; and (2) that the trial court erred in admitting various out-of-court statements of Debbie Pilk–Gilley through the testimony of undercover police officer Paul Andry; and (3) that there was insufficient evidence of guilt as appellant specifically faults the evidence tending to rebut her entrapment defense.

The evidence presented at trial which tends to support the verdict was as follows: Paul Andry, a police officer operating undercover, in Daviess County, testified that Debbie Pilk–Gilley told him and confidential informant Denny Harmon to meet her at the Pit Stop Lounge on the evening of August 23, 1986, as her source was supposed to provide her with some cocaine. Upon their arrival there, Andry stated that Pilk–Gilley informed him that her source did not have any cocaine or crank. However, appellant, who was a bartender there, approached Andry and said that her source had some, "but did not want to come off of it." According to Andry, Harmon then asked Donnie Gilley, who was a patron at the bar, if there was any acid around. An-

dry testified that Donnie Gilley said that there was acid around and that it was five dollars a hit. Andry stated that appellant then pulled a cellophane wrapper out of a purse and placed it in an ashtray in front of him. Within the wrapper were four white pieces of paper connected by a perforated line, carrying lysergic acid diethylamide, commonly referred to as LSD. Andry then ordered two beers and gave appellant a twenty dollar bill wrapped inside two singles. As Andry and Harmon were leaving, appellant told them to check with her later concerning the methamphetamine or cocaine.

On August 28, 1986, five days later, Andry and Harmon went to appellant's residence. Myra Elmore and appellant were present when Andry and Harmon arrived. Appellant pulled several small plastic bags containing a white substance from a purse and laid them on a coffee table. Andry stated that appellant referred to the contents of the bags as cocaine and he began to discuss the price and quality of the cocaine with her and with Elmore. According to Andry, Elmore stated that she would have to get one hundred dollars a gram for the cocaine and that each plastic bag contained a gram of cocaine. Andry purchased ten bags for one thousand dollars. Andry testified that he handed the money to Elmore and appellant handed him the bags of cocaine.

Debbie Pilk–Gilley admitted that she sold marijuana to Officer Andry on more than one occasion. Pilk–Gilley testified that she received the marijuana that she sold to Andry from appellant.

■ We first consider appellant's claim that she was denied effective assistance of counsel guaranteed by the sixth amendment and Article I, Section 13 of the Indiana Constitution. Appellant Gray and Elmore were charged with criminal offenses arising out of the above described events. At the time of appellant Gray's trial, Elmore's cases were still pending. Both appellant and Elmore had the same attorney. Gray alleged in a belated motion to correct errors that this dual representation by her lawyer resulted in his represen-

tation of conflicting interests, and, consequently, ineffective representation of counsel. The trial court conducted a hearing on the motion and concluded that the evidence did not show "an actual conflict of interest adversely affecting her lawyer's performance." This federal standard was correctly applied, as here, there was no objection to the representation at trial and where there is no objection to such representation at trial, appellant must show that the joint representation resulted in actual prejudice. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). *Bean v. State* (1984), Ind., 460 N.E.2d 936.

■ A review of the record of the trial and the hearing on the belated motion fails to support a conclusion that there was a conflict of interest between the two women. Myra Elmore testified at appellant's trial as a defense witness. Elmore's testimony was entirely beneficial to appellant. Elmore stated that appellant never did drugs and in fact discouraged their use. She testified that appellant was upstairs sleeping when Andry and Harmon arrived at appellant's home to make the cocaine buy. Elmore further stated that appellant was in the kitchen doing dishes during the cocaine buy. Elmore denied that the cocaine came from appellant's purse as was alleged in the affidavit of probable cause for appellant's arrest. Elmore testified that appellant did not hand Andry the cocaine and that appellant received no money from the transaction. At the hearing on the belated motion, Elmore testified that she chose to testify on behalf of appellant and to tell the truth, even though she knew that her testimony would be detrimental to her in resolving her own cases. The matter was thoroughly discussed. Appellant's argument that she was prejudiced by her counsel's dual representation of conflicting interests was properly rejected by the trial court.

■ Appellant also claims that her lawyer failed to provide her effective assistance in that he did not convey plea offers made by the State to her. It is indeed a denial of effective assistance of counsel if in fact there is a failure to con-

vey a plea offer from the State. *Young v. State* (1984), Ind., 470 N.E.2d 70. Appellant's trial counsel testified at the hearing on the belated motion that the only plea agreement offered by the State was an offer to drop the Class A felony conviction, in exchange for a plea of guilty to the Class B felony and a ten-year sentence of which appellant would serve five years under credit time rules. He stated that she emphatically rejected the offer. Appellant acknowledged that her trial counsel informed her of the State's offer to drop the Class A felony in exchange for a plea of guilty to the Class B felony, but that he failed to tell her of the possibility that she might only have to serve five years. We therefore conclude that the record, showing only this conflict in the testimony, does not warrant appellate relief.

Appellant next claims that the trial court erred in admitting various out-of-court statements of Debbie Pilk–Gilley through the testimony of Officer Andry. Specifically, appellant objected to Andry's testimony wherein he stated that Pilk–Gilley told him that appellant was her source for marijuana and that appellant had a large quantity of marijuana that she would be willing to sell. Appellant objected to other out-of-court statements made by Pilk–Gilley the contents of which Andry recited in his trial testimony.

■ We first must consider whether Andry's recitation of Pilk–Gilley's statements at trial constituted hearsay testimony. "Hearsay evidence is testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." *Harvey v. State* (1971), 256 Ind. 473, 476, 269 N.E.2d 759, 760 (citing *Wells v. State* (1970), 254 Ind. 608, 261 N.E.2d 865). Andry testified that he had first-hand knowledge of what was said in Pilk–Gilley's out of court statements. The truth of what was said rested upon the credibility of Pilk–Gilley. Thus, this testimony by Andry constituted hearsay.

■ Hearsay statements being offered through a witness who claims to have first-hand knowledge of the word content of such statements, i.e., the fact that such statements were made, have been considered admissible as substantive evidence where the out of court declarant appears in court and is subject to cross-examination regarding those statements. *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482. We note that this Court's ruling in *Modesitt v. State* (1991), Ind., 578 N.E.2d 649, has terminated the *Patterson* rule. However, *Modesitt* does not apply to the case at bar in that this case was tried prior to the effective date of *Modesitt.*

The State maintains that Pilk–Gilley, the out of court declarant, testified at trial and was subject to cross-examination. Therefore, according to the State, Andry's testimony concerning Pilk–Gilley's statements made to him were properly admitted pursuant to *Patterson.* This Court has held, however, that merely calling a witness to the stand is not sufficient to justify an application of the *Patterson* rule. Even under *Patterson*, the party offering the out of court statement as substantive evidence must lay a proper foundation for its admission. These foundational requirements require the proponent of the hearsay evidence to confront the declarant with the statement at trial. The declarant then must acknowledge having made the statement and offer live testimony consistent with it. *Douglass v. State* (1984), Ind., 466 N.E.2d 721; *Lewis v. State* (1982), Ind., 440 N.E.2d 1125.

■ In this instance, the State did not approach Pilk–Gilley with the statements that Andry attributed to her. Her direct examination is void of any references to Andry's testimony. The State made no attempt to confront Pilk–Gilley with Andry's hearsay testimony. Thus, Andry's hearsay testimony concerning statements Pilk–Gilley made to him were inadmissible.

■ The erroneous admission of hearsay evidence, however, does not automatically constitute reversible error. Indiana Trial Rule 61 provides that errors in the admission or exclusion of evidence

that do not affect the substantial rights of the parties are to be disregarded as harmless error. In determining whether error in the introduction of evidence warrants reversal, this Court must assess the probable impact of the evidence upon the jury. *Short v. State* (1982), Ind., 443 N.E.2d 298; *Williams v. State* (1981), Ind., 426 N.E.2d 662. On appeal, appellant bears the burden of establishing that there was error prejudicial to his substantial rights. *Shaw v. State* (1986), Ind., 489 N.E.2d 952.

In the present case, the crucial portion of Andry's hearsay testimony was that which referred to Pilk–Gilley's statements made to Andry wherein Pilk–Gilley told Andry that appellant was her source for marijuana. This evidence was of vital importance to the State's case because it was crucial in rebutting appellant's defense of entrapment in that it provided evidence of appellant's predisposition to commit the crime. Here, however, Pilk–Gilley testified as to the very facts asserted in Andry's hearsay testimony in her direct examination. At trial, Pilk–Gilley was asked if appellant was her source for marijuana. Pilk–Gilley responded that appellant "went and got it for me." Further, Pilk–Gilley responded affirmatively when asked if appellant provided the marijuana that she sold to Officer Andry. Finally, appellant, in her testimony at trial, acknowledged that on one occasion she went and picked up marijuana for Pilk–Gilley.

Thus, while the trial court erred in admitting Andry's hearsay testimony regarding statements Pilk–Gilley made to him, we do not find that the admission of the hearsay testimony was prejudicial to appellant's substantial rights. The facts asserted in Andry's hearsay testimony concerning appellant's role as Pilk–Gilley's source for marijuana were placed before the jury via Pilk–Gilley's testimony at trial during the prosecution's case in chief and appellant's own testimony. Thus, we do not feel that the admission of Andry's hearsay testimony had a great impact upon the jury. The admission of Andry's hearsay testimony constituted harmless error.

Appellant maintains that there was insufficient evidence to support her convictions. Specifically, appellant asserts that the State failed to rebut beyond a reasonable doubt appellant's entrapment defense. The defense of entrapment, I.C. 35–41–3–9, is raised by a showing of police involvement in inducing the defendant to commit the crime he was not predisposed to commit. *Vacendak v. State* (1982), Ind., 431 N.E.2d 100. In reviewing appellant's insufficiency of evidence allegation, this Court will not weigh the evidence nor resolve questions of credibility, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the jury. *Smith v. State* (1970), 254 Ind. 401, 260 N.E.2d 558 (citing *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657). The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Fair v. State* (1969), 252 Ind. 494, 250 N.E.2d 744.

When the defense of entrapment is raised, as it was in this case by the testimony of the undercover police officer, the State must prove that the prohibited conduct of the accused was not the product of the efforts of the law enforcement official involved or that the accused was ready, willing and able to engage in such conduct anyway. *Williams v. State* (1980), 274 Ind. 578, 412 N.E.2d 1211. In the present case, there was sufficient evidence that appellant was predisposed to commit the crimes thus supporting the jury's finding that the State had successfully rebutted appellant's entrapment defense. Debbie Pilk–Gilley testified that appellant was the one who provided her with the marijuana that she subsequently sold to Officer Andry. When asked if appellant was her source for marijuana, Pilk–Gilley responded, "well, she went and got it for me." Further, Officer Andry testified that as he was leaving the Pit Stop Lounge on August 23, appellant informed him to check with her later concerning the crank or cocaine. Finally, at trial, appellant herself testified that on one occasion she went and picked up marijuana for Debbie Pilk–Gilley. A

review of the record discloses sufficient evidence from which a reasonable trier of fact could conclude, with the requisite certainty, that the State successfully rebutted appellant's entrapment claim and therefore appellant's convictions were not contrary to law.

Appellant's convictions for dealing in cocaine and delivering a controlled substance are therefore affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

GIVAN, J., concurs in result.