**Kash VANOVER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 90A02–9208–CR–373.

Court of Appeals of Indiana, Second District.

Dec. 29, 1992.

Rehearing Denied Feb. 19, 1993.

Kelly N. Bryan, Muncie, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BUCHANAN, Judge.

### CASE SUMMARY

Defendant-appellant Kash Vanover (Vanover) appeals from his conviction for child molesting, claiming the trial court erred when it admitted evidence of prior uncharged allegations of molestations under the depraved sexual instinct rule.

We reverse.

### FACTS

The facts most favorable to the jury's verdict reveal that on September 15, 1990, the fifteen year old victim was visiting the home of her great-grandmother. Vanover, the victim's great-uncle, also lived in the home. When the victim went to bed, Van-

over came into her room and rubbed her vagina with his hand. The victim left the room, and when she returned, Vanover began hugging her and breathing heavily. Vanover was arrested and charged with child molesting,[1] a class D felony.

At trial, the victim testified that when she was fourteen, Vanover had attempted to grab her breast. The victim's mother testified that when she was between the ages of eleven and twelve, Vanover had also fondled her vagina. Vanover was convicted and received a one and one-half year sentence.

### ISSUE

Vanover raises several issues for our consideration, but because we reverse, we need only address one:

> Whether the trial court erred when it allowed into evidence Vanover's prior acts of touching the victim and her mother?

### DECISION

PARTIES' CONTENTIONS—Vanover claims the trial court should not have admitted evidence of prior incidents with the victim and her mother under the depraved sexual instinct rule, arguing the rule should be overturned. The State concedes that our Supreme Court has recently abolished the depraved sexual instinct rule, but argues that the Supreme Court's decision should not be given retroactive application.

CONCLUSION—The Supreme Court's decision applies to Vanover's case, and he must be retried.

Our Supreme Court has recently abolished the depraved sexual instinct rule which would have allowed the admission of the disputed evidence. *Lannan v. State* (1992), Ind., 600 N.E.2d 1334.[2]

We first consider whether the Supreme Court intended its decision in *Lannan* to be applied retroactively. Our consideration of the retroactivity of *Lannan*, however, is necessarily limited to its retroactive application to *pending* cases, and is unrelated to the issue of whether *Lannan* would be applied retroactively on collateral review of previously decided cases. *See Daniels v. State* (1990), Ind., 561 N.E.2d 487.

The issue is clouded by certain statements in the *Lannan* opinion. After observing that its decision echoed the reasoning of Justice DeBruler's dissent in *Kerlin v. State* (1970), 255 Ind. 420, 265 N.E.2d 22, the Court in *Lannan* continued: "Twenty-two years later, Justice DeBruler has carried the day. His reasoning tracks the language of Federal Rule of Evidence 404(b), which we hereby adopt in its entirety, *effective from this day forward.*" *Lannan, supra* at 1339 (footnote omitted) (emphasis supplied).

While this language might suggest that the abolition of the depraved sexual instinct rule was to be given only prospective application, the Court went on to apply Rule 404(b) to the facts in *Lannan* and concluded that evidence was improperly admitted, *Id.* at 1341, *which constituted a retroactive application* of its new rule.[3]

Any doubt that might exist as to the retroactive application of the *Lannan* decision was settled by another opinion issued on the same day by the Supreme Court. In *Pirnat v. State* (1992), Ind., 600 N.E.2d 1342, the Court stated:

> "Pirnat's petition for transfer alleges error in the introduction of certain evidence admitted to show his depraved sexual instinct. We have today in *Lannan v. State* [600 N.E.2d 1334] No. 71S03–9210–CR–836, October 16, 1992, revisited

---

1. Ind.Code 35–42–4–3.

2. Anticipating the Supreme Court's decision in *Lannan*, Vanover objected to the disputed evidence at trial, *record* at 281–91, 343–50, and specifically argued on appeal that the depraved sexual instinct rule should be abolished. *Appellant's brief* at 9.

3. This application is in sharp contrast to the Supreme Court's decision in *Modesitt v. State* (1991), Ind., 578 N.E.2d 649, in which the Court abolished the *Patterson* exception to the hearsay rule. The Court did not apply its new rule to the facts in *Modesitt* and *expressly stated* that it would not have retrospective application to *pending* or previously decided cases.

the depraved sexual instinct exception and announced a new rule concerning the admissibility of prior bad acts in sex offense cases. Inasmuch as Pirnat's appeal is *currently pending* as this new rule is announced, the rule of *Lannan should be applied to his case.* [Citations omitted].

Therefore we remand to the Court of Appeals for reexamination of Pirnat's appeal in light of our holding today in *Lannan v. State."*

*Pirnat, supra* (emphasis supplied).

Based on the Supreme Court's command in *Pirnat,* we therefore must apply *Lannan* to Vanover's appeal, as it was pending when the new rule was announced. While the State hopes the Supreme Court will reconsider its decision in *Pirnat,* we must apply the law as it stands. Vanover and Pirnat are in precisely the same position, and we can discern no difference in circumstances between them that would justify disparate treatment of their cases.

■ Following the analysis used in *Lannan,* we cannot say that the evidence of Vanover's prior sexual misconduct with the victim and her mother, *record* at 292, 351, was admissible under Federal Rule of Evidence 404(b). The State contends that the evidence of Vanover's touching of the victim a year earlier and the incident with her mother more than twenty years before trial was evidence of Vanover's intent to arouse himself during the present crime. Like Chief Justice Shepard in *Lannan,* we believe such an argument is an attempt to force "a square peg in a round hole." *Lannan, supra* at 1341. We must therefore conclude that the trial court erred when it allowed the testimony.

When assessing the probable impact of the improperly admitted evidence in *Lannan,* the Supreme Court had this to say: "Ordinarily, evidence of uncharged crimes of the character introduced in this case could be said to have a major impact on the jury. Today we are persuaded otherwise, however, in large measure because of the testimony of Alfred Sage, an uncle of V.E. and T.W. Sage testified that in May 1990, Lannan drove to the

home where the molest [sic] occurred and shouted, 'I'm going to f*** them again.' Record at 274. This declaration, coupled with the victim's testimony and T.W.'s corroboration, lead us to conclude that the impact of this other evidence on the jury was not of sufficient weight to require reversal."

*Lannan, supra* at 1341.

Comparing the evidence presented here to that considered in *Lannan,* we cannot come to a similar conclusion. There was no incriminating declaration made by Vanover. Also, there was no corroborating testimony from third parties. In fact, the only corroborating testimony from a third party supported Vanover. Vanover's son testified that he saw Vanover in the victim's bedroom on the night in question and that Vanover merely turned off a radio in the room and patted the victim on the head. *Record* at 442. Our assessment of the probable impact of the improperly admitted testimony leads us to conclude that reversal is required.

Judgment reversed and remanded for a new trial.

SULLIVAN, J., concurs.

HOFFMAN, J., dissents with separate opinion.

HOFFMAN, Judge, dissenting.

I dissent. The majority's opinion is illogical and irrational. *Lannan v. State* (1992), 600 N.E.2d 1334, expressly states that the adoption of Federal Rule of Evidence 404(b) is *"effective from this day forward."* 600 N.E.2d at 1339. (Emphasis supplied.) This language does not merely suggest prospective application as the majority contends, it requires prospective application. *See Gray v. State* (1991), Ind., 579 N.E.2d 605, 608. Furthermore, contrary to the majority's statement in footnote 3, the Supreme Court's application of the new rule in *Lannan* is no different from the court's application of the new rule in *Modesitt v. State* (1991), Ind., 578 N.E.2d 649. The new rules not only took effect in *Lannan* and *Modesitt,* they also applied to the facts of the cases. If we were to adopt

the reasoning of the majority, there would be no such thing as prospective application.

In support of its opinion, the majority cites *Pirnat v. State* (filed October 16, 1992), Ind., 600 N.E.2d 1342, a case the Supreme Court handed down on the same day as *Lannan.* However, *Pirnat* was pending *on transfer* in the Supreme Court at the same time as *Lannan;* therefore, it is distinguishable from the case at bar. As discussed above, the *Lannan* court clearly set out the prospective nature of its opinion, and as the instant case was tried prior to the effective date of *Lannan,* the new rule does not apply.