## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 02 2019, 7:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Antonio G. Sisson
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Vince M. Bryan,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 2, 2019<br><br>Court of Appeals Case No.<br>19A-CR-851<br><br>Appeal from the<br>Delaware Circuit Court<br><br>The Honorable<br>Thomas A. Cannon, Jr., Judge<br><br>Trial Court Cause No.<br>18C05-1805-F1-2 |

**Vaidik, Chief Judge.**

# Case Summary

Vince M. Bryan appeals his convictions for two counts of Level 1 felony child molesting, two counts of Level 4 felony child molesting, and two counts of Level 5 felony child solicitation. He argues that the trial court committed reversible error in admitting testimony about the victims' allegations before the victims themselves testified and that the evidence is insufficient to support his convictions. We affirm.

# Facts and Procedural History

In 2015, N.S. (who was born in October 2005) and J.S. (who was born in October 2007) (collectively, "the children") lived with their mother, Stephanie Reel, in Muncie. Stephanie, who struggled with addiction, had "involvement with [the] Department of Child[] Services [throughout] the lifetime of" N.S. and J.S. and had "lost custody [of them] a couple times." Tr. Vol. I p. 162. During the summer of 2015, Stephanie often "h[u]ng out" with Vince. *Id.* at 164. Sometimes, Stephanie would bring the children with her to Vince's house. According to Stephanie, the children called him "Vinny." *Id.* at 163. On three or four occasions, the children spent the night at Vince's house without Stephanie.

In November 2015, the children told Jeffrey Reel (Stephanie's brother) that "Vinny" had inappropriately touched them. *Id.* at 211. Jeffrey told Stephanie about the allegations, but Stephanie did not do anything about it. In January

2016, the children were removed from Stephanie's custody (unrelated to this case) and placed in foster care.

[4] At some point, the children told their foster parents that Vince had molested them, and this information "got reported to DCS." *Id.* at 141.

[5] In March 2018, Muncie Police Department Officer Kristopher Swanson, who is a member of the Sexual Molest and Abuse Response Team (SMART), received an email from DCS about the children's allegations against Vince. Shortly thereafter, Officer Swanson interviewed N.S., J.S., Stephanie, Jeffrey, and Vince. During his interview, Vince admitted that the children frequently came over to his house in the summer of 2015 and that they called him "Vinny." *Id.* at 118. When Officer Swanson told Vince about the allegations that the children had made against him, he denied that they had ever spent the night at his house, started "throw[ing] out" different names of people who could have molested them, and tried to "change the subject." *Id.* at 119.

[6] Thereafter, the State charged Vince with Count 1: Level 1 felony child molesting (N.S.); Count 2: Level 1 felony child molesting (J.S.); Count 3: Level 4 felony child molesting (N.S.); Count 4: Level 4 felony child molesting (J.S.); Count 5: Level 5 felony child solicitation (N.S.); and Count 6: Level 5 felony child solicitation (J.S.). A jury trial was held in February 2019.

[7] Officer Swanson was the second witness to testify for the State (the first witness was another police officer who testified about background information). On direct exam, Officer Swanson testified that he interviewed N.S. and J.S. in

April 2018 at the Child Advocacy Center. Officer Swanson did not testify about what N.S. or J.S. told him during their interviews. On cross-exam, however, defense counsel asked Officer Swanson numerous questions about what the children told him during their interviews, including how many times the alleged incidents occurred, where they occurred, who was present when the incidents occurred, and whether Vince was naked during any of the incidents. *See id.* at 144-51. On redirect, when the State asked Officer Swanson what J.S. told him during his interview, defense counsel made a hearsay objection. *Id.* at 155. The trial court overruled the objection, finding that defense counsel opened the door to this line of questioning. *Id.* Officer Swanson then testified that the children told him that "Vinny" touched their penises using his mouth and hand. *Id.* at 156, 158.

[8] Jeffrey was the fourth witness to testify for the State. On direct exam, Jeffrey testified that when he was alone with N.S. and J.S. in the car one day in November 2015, N.S. asked him if he could "keep a secret." *Id.* at 211. When the State asked Jeffrey what that secret was, defense counsel made another hearsay objection. *Id.* The trial court overruled the objection, and Jeffrey testified that N.S. told him that "Vinny" had "pulled on their privates" and "sucked on their privates" and that J.S. corroborated what N.S. said. *Id.*

[9] N.S. and J.S. were the last witnesses to testify for the State. They testified live from the Child Advocacy Center using a closed-circuit television system. They testified that they knew Vince and that they called him "Vinny." Ex. 27 (3:20-

3:36 & 1:58:30-38). They then testified that "Vinny" touched their penises with his hand, put his mouth on their penises, and made them touch his penis.

[10] After the State rested, Vince moved for a directed verdict because "neither of the alleged victims identified [Vince] as the person that sexually assaulted them." Tr. Vol. I p. 241. The trial court denied his motion. At the conclusion of trial, the jury found Vince guilty of all six charges. The trial court sentenced him to seventy years, with forty years executed and thirty years suspended to probation.

[11] Vince now appeals.

# Discussion and Decision

## I. Admission of Evidence

[12] Vince contends that the trial court erred in admitting testimony from Officer Swanson and Jeffrey regarding what the children told them because it was hearsay. Specifically, Vince argues that Officer Swanson's and Jeffrey's testimony, "prior to testimony of the victims, should have been excluded because their testimony had the potential to unfairly prejudice the jury and elevate the credibility of the victims." Appellant's Br. p. 10. He therefore asks us to reverse his convictions. In support of his argument, Vince relies on *Modesitt v. State*, 578 N.E.2d 649 (Ind. 1991).

[13] In *Modesitt*, the defendant was charged with molesting an eleven-year-old girl. The victim's mother, a caseworker, and a psychologist testified at length about

what the victim told each of them about the defendant's conduct before the State called the victim to testify. Our Supreme Court held that the "drumbeat repetition" of the victim's statements by other witnesses before the victim was called to testify "precluded direct, immediate cross examination of the statements and constitutes error requiring reversal." *Id.* at 652.

We find no *Modesitt* violation here. Officer Swanson testified on direct exam that he interviewed each child, but he did not testify as to what they told him. On cross-exam, however, defense counsel asked Officer Swanson numerous questions about what the children told him, including how many times the alleged incidents occurred, where they occurred, who was present when the incidents occurred, and whether Vince was naked during any of the incidents. *See* Tr. Vol. I pp. 144-51. On redirect, the trial court allowed Officer Swanson to testify more about what the children told him because defense counsel opened the door to such testimony. *See id.* at 155. Notably, Vince does not acknowledge the trial court's specific ruling in his brief. The State argues in its brief that Vince opened the door to the testimony, and Vince did not file a reply brief to respond to this claim. We agree with the trial court that Vince opened the door to Officer Swanson's redirect testimony about what the children told him during their interviews. *See Clark v. State*, 915 N.E.2d 126, 130 (Ind. 2009) (holding that otherwise inadmissible evidence may be admitted where the defendant opens the door to questioning on that evidence), *reh'g denied*. Having opened the door, Vince cannot now be heard to complain about Officer Swanson's redirect testimony.

[15] This then leaves us with Jeffrey. Jeffrey briefly testified on direct exam about what the children told him in the car in November 2015. Jeffrey's testimony on this point comprises less than one page of his twenty-page testimony. *See* Tr. Vol. I p. 211 (Jeffrey testified that "[N.S.] said that ["Vinny"] pulled on their privates, he sucked on their privates, which [J.S.] . . . co[rr]oborated . . . ."). This is not the sort of "drumbeat repetition" that *Modesitt* prohibits. *See, e.g.*, *Norris v. State*, 53 N.E.3d 512, 526 (Ind. Ct. App. 2016) (finding that "the challenged testimony of the two witnesses merely provided an overview of the situation and a summary of [the victim's] accusations, without elaborating on [the victim's] evidence," was "brief and consistent with [the victim's] later testimony," and therefore did not constitute fundamental error); *McGrew v. State*, 673 N.E.2d 787, 796 (Ind. Ct. App. 1996) (declining to find reversible error where, although the victim was not the first to testify, the challenged testimony was "brief and consistent with" the victim's later testimony), *summarily aff'd in pertinent part*, 682 N.E.2d 1289 (Ind. 1997).

## II. Sufficiency of the Evidence

[16] Vince next contends that the evidence is insufficient to support his convictions.[1] When reviewing the sufficiency of the evidence to support a conviction,

---

[1] Vince also argues that the trial court erred in denying his motion for a directed verdict. Because his argument in this regard is the same as his sufficiency argument, and our standard of review is the same in both cases, we treat his directed-verdict and sufficiency arguments as one. *See Edwards v. State*, 862 N.E.2d 1254, 1262 (Ind. Ct. App. 2007) ("If the evidence is sufficient to sustain a conviction upon appeal, then a motion for a directed verdict is properly denied; thus, our standard of review is essentially the same as that upon a challenge to the sufficiency of the evidence."), *trans. denied*.

appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* It is not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Id.* (quotation omitted). The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

[17] Specifically, Vince argues that the evidence is insufficient to support his convictions because N.S. and J.S. did not identify him "in court, nor via a photograph" and there was no "physical or medical evidence" presented to show that they were sexually assaulted. Appellant's Br. p. 12. Numerous witnesses identified the defendant in court as Vince M. Bryan. *See* Tr. Vol. I pp. 94, 114, 163, 207. Although neither N.S. nor J.S. pointed to the defendant or a photo of the defendant as Vince M. Bryan, they testified that they knew Vince M. Bryan and that they called him "Vinny." They then testified that "Vinny" touched their penises with his hand, put his mouth on their penises, and made them touch his penis. The evidence is sufficient to prove that Vince is the one who molested N.S. and J.S. As for the fact that there was no physical or

medical evidence presented to show that N.S. and J.S. were sexually molested, it is well established that a conviction can be sustained on the uncorroborated testimony of a single witness, even when that witness is the victim. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). Here, both N.S. and J.S. testified that Vince touched their penises with his hand, put his mouth on their penises, and made them touch his penis. We therefore affirm Vince's convictions.

[18]    Affirmed.

[19]    Najam, J., and Tavitas, J., concur.