**Allen POSEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 03A01–9302–CR–62.**

Court of Appeals of Indiana,
First District.

Dec. 1, 1993.

---

Jane Ann Noblitt, Columbus, for appellant-defendant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

Today we are yet again asked to apply *Lannan v. State* (1992), Ind., 600 N.E.2d 1334, retroactively. Appellant-defendant Allen Posey appeals his convictions of three counts of Child Molesting, two Class C felonies,[1] and one Class D felony.[2]

## ISSUES

Posey raises several issues which we consolidate and restate as:

I. Does the decision in *Lannan* apply retroactively to Posey's trial?

II. Did the trial court err when it allowed evidence of uncharged sexual misconduct?

---

**1.** IND.CODE 35–42–4–3(b), (c) (1986) (fondling and deviate conduct).

**2.** I.C. 35–42–4–3(d) (fondling).

III. Did the trial court err in applying the Rape Shield Statute?

### FACTS

In 1988, D.B.'s mother married Posey. Shortly thereafter D.B.'s family moved into a residence with him, and Posey began making advances toward D.B., who was then eleven years old. Once or twice a week, Posey would enter D.B.'s room while she was sleeping, and touch her breasts and vagina. As time passed, he began disrobing D.B., digitally penetrating her vagina, subjecting her to cunnilingus, and performing anal intercourse. Posey also unsuccessfully attempted vaginal penetration. During the assaults, Posey threatened to harm D.B. and her mother.

In April 1990, D.B.'s friend, A.W., spent the night. Posey entered the room where the girls slept, rubbed A.W.'s stomach and back, and attempted to disrobe her. After A.W. confided in D.B. about Posey's assault, D.B. informed her mother of Posey's molestations.

On July 6, 1990, the State charged Posey with two counts of child molesting for fondling, and two counts of child molesting for deviate conduct. At Posey's first trial, the trial court dismissed one of the deviate conduct counts. Because the jury deadlocked on the remaining three counts, the court declared a mistrial.

At Posey's second trial, the jury found Posey guilty on the remaining three counts of child molesting. The trial court sentenced Posey to eight years each for the class C counts, and to three years for the class D count. The trial court ordered the three sentences to run concurrently, and suspended six years of the executed sentence, subject to probation. Posey appeals his convictions.[3]

### DISCUSSION AND DECISION

#### I. Applicability of Lannan

Posey seeks a new trial arguing that the trial court erroneously applied the de-

praved sexual instinct exception to admit evidence of uncharged sexual misconduct.

In *Lannan*, our supreme court eliminated the long-standing rule whereby evidence of past uncharged sexual misconduct was admissible to prove a defendant's depraved sexual instinct. Our supreme court has subsequently held:

> Pirnat and others whose cases properly preserved the issue and whose cases were pending on direct appeal at the time *Lannan* was decided receive the benefit of review under the new rule....

*Pirnat v. State* (1993), Ind., 607 N.E.2d 973, 974, *on reh'g.*

██ Here, the jury returned its verdict on October 1, 1992. Record at 127–29. Our supreme court decided *Lannan* on October 16, 1992. On November 25, 1992, the trial court sentenced Posey. Posey filed his praecipe on December 4, 1992. Record at 1.

Ind.Appellate Rule 2(A) provides "An appeal is initiated by filing ... a praecipe." Since Posey did not file his praecipe until December 4, 1992, his case was not pending on appeal when *Lannan* was decided on October 16, 1992. Therefore, *Lannan* does not retroactively apply to Posey's trial.

██ Furthermore, in order to have properly preserved the issue Posey would have had to object to the evidence on the ground that the justifications for the depraved sexual instinct exception were no longer valid and that the rule should be abolished. *Stout v. State* (1993), Ind.App., 612 N.E.2d 1076, 1079, *trans. denied; see also Clausen v. State*, Ind., 622 N.E.2d 925 at 927–928 (1993); *Shackelford v. State*, (1993), Ind.App., 622 N.E.2d 1340 at 1343. In addition, where the defendant fails to object properly, the admission of depraved sexual instinct evidence is not fundamental error. *Ried v. State* (1993), Ind., 615 N.E.2d 893, 893.

Like the defendant in *Stout*, Posey objected to the admission of depraved sexual

---

**3.** We heard oral argument on this case at the old Monroe County Court House in Blooming-

ton, Indiana on November 9, 1993.

instinct evidence but did not object on the grounds that the rule should be abolished. Record at 346–47. This is also sufficient for *Lannan* not to apply retroactively. *Stout,* 612 N.E.2d at 1079.

## II. Uncharged Sexual Misconduct

Posey argues that D.B. was allowed to testify about a dismissed charge, in contravention of *Lannan,* and thus he is entitled to a new trial. At the first trial, the court dismissed the count of child molesting based upon Posey's alleged anal intercourse with D.B. The State apparently acquiesced in the dismissal of this count at the second trial. Record at 5. During the second trial, D.B. testified that Posey had performed anal intercourse on her.

■ Because *Lannan* does not apply to Posey, we find no error in the application of the depraved sexual instinct exception to his trial. However, Posey also argues that the evidence of prior sexual misconduct did not rise to the level of depraved sexual instinct evidence and was therefore not admissible as such.

In order to have been admissible as evidence of depraved sexual instinct, the uncharged sexual misconduct must have had particular relevance as evidence of depravity which relevance outweighed the potential prejudice of that evidence. *Stewart v. State* (1990), Ind., 555 N.E.2d 121, 124. The uncharged acts need not have been identical to the acts charged; the uncharged acts must merely have exhibited the same sexual instinct. *Id.; see, e.g. Lawrence v. State* (1984), Ind., 464 N.E.2d 923, 924 (evidence of rape of adult woman 22 years earlier was admissible in child molesting trial because both crimes exhibited sexual aggression marked by force or intimidation).

■ The uncharged anal penetration and the charged cunnilingus each involved deviate sexual conduct, which shows Posey's proclivity to subject a female child to deviate sex acts. This provides sufficient similarity between the proferred evidence and the charged conduct to admit the evidence of uncharged sodomy. Furthermore, this evidence was admissible because the significant evidence of other molestation on the same person shows Posey's inclination to abuse young females to gratify his sexual urges. The trial court properly admitted evidence of Posey's anal penetration of D.B.[4]

■ Evidence of Posey's handling of A.W. also shows Posey's proclivity to abuse young females for his sexual purposes. A jury can reasonably infer that from entering a room where a young girl is sleeping, partially disrobing her, including unbuttoning her shorts, caressing her stomach, and caressing her back when she turned over to escape the previous contact shows Posey's depraved sexual instinct toward young females. Evidence of this conduct was also admissible under the depraved sexual instinct exception.

The evidence of Posey's assault of A.W. was further admissible under the depraved sexual instinct exception because it bears a striking similarity to the fondling of D.B.'s breasts and vagina. Here, Posey had come into the room where A.W. was in bed on at least five occasions, found her awake, and left. On the first occasion that he found her asleep, he unbuttoned her shorts and proceeded to rub her stomach. With both victims, Posey used their sleep to gain advantage. Because she was asleep, A.W. could not be certain whether Posey had fondled her breasts or vagina. That A.W. was fortuitous enough to awake and dissuade Posey from completing his perversions does not change the sexual instinct Posey possessed in the acts he completed. The trial court did not err in allowing evidence of Posey's sexual misconduct upon A.W.

4. Even if it were not proper, Posey may not now complain of this evidence. The State filed a motion in limine to suppress "[a]ny evidence of the victim's past sexual conduct with the defendant other than the charged offenses." Record at 61. Posey opposed this motion, intending to use such evidence for cross-examination purposes. Record at 67–69. Where a defendant invites error, he may not complain of its imposition. *Craig v. State* (1985), Ind., 484 N.E.2d 566, 567–68.

■ Posey also argues that there was insufficient evidence to support a jury instruction on depraved sexual instinct.

One of the court's final instructions, proper at the time of Posey's trial, was as follows:

> Evidence of other acts alleged to have been committed by the defendant has been introduced in the trial of this cause to show the defendant's alleged depraved sexual instinct. The defendant is not on trial for anything that was done to any witness except [D.B.]. You may consider this evidence for what it is worth, if anything, in identifying the defendant and to show the defendant's character and propensity to commit the offenses charged. It may be considered by you for no other purpose.

Record at 116. Because there was evidence admitted as evidence of Posey's depraved sexual instinct, the trial court properly gave the then-applicable jury instruction.

### III.  Rape Shield Statute

■ Posey argues that the trial court erred in prohibiting evidence of D.B.'s prior molestation by her previous stepfather.[5]

Posey filed a pre-trial motion to allow him to question D.B. regarding her previous molestation, as required by IND.CODE 35–37–4–4(c) (1986). However, his motion was not timely. I.C. 35–37–4–4(c) requires the written motion be filed not less than ten days before trial. Posey filed his motion eight days before trial. After Posey submitted an offer of proof one day before trial, the trial court denied the motion. At trial, Posey made a verbal motion to allow him to question the victim regarding her previous molestation. The court summarily denied Posey's motion. Posey argues that the trial court should not have summarily denied his oral motion and should have allowed him to question D.B. outside the presence of the jury.

Posey ignores the fact that he included his offer to prove in his second motion. The trial court acknowledged the offers to prove, and denied the motion. There is nothing in the record to suggest that the trial court acted improperly or failed to consider issues relevant to this motion. Moreover, we find Posey was not entitled to question the victim under I.C. 35–37–4–4(a).

■ Indiana's Rape Shield Statute prohibits admission of evidence of the victim's past sexual conduct. I.C. 35–37–4–4(a)(1). One exception to this general prohibition is where a specific instance of sexual activity shows that some person other than the defendant committed the act upon which the prosecution is founded. I.C. 35–37–4–4(b)(2).

■ If the identification of the assailant is not at issue, evidence of the victim's past sexual conduct is not admissible under I.C. 35–37–4–4(b)(2). *DeMotte v. State* (1990), Ind.App., 555 N.E.2d 1336, 1340–41, *trans. denied.*

■ Here, the identity of the assailant was not at issue. D.B. was unequivocal that it was Posey who molested her, and that she was not involved in any other sexual relations during this same period. D.B.'s previous molestation, years earlier, does not qualify for admission, despite Posey's allegations that D.B. wrongfully claimed he was responsible. Were these unfounded suggestions sufficient to strike aside the rape shield, it would truly offer no protection to complaining victims.[6]

---

**5.** Posey apparently made a tactical choice to focus his challenge on the application of the rape shield statute, instead of pursuing a constitutional challenge. Given prior litigation concerning our rape shield statute, such a decision was not unreasonable. *See Lewis v. State* (1983), Ind., 451 N.E.2d 50, 53 (does not deny right to confrontation); *Moore v. Duckworth*, 687 F.2d 1063, 1067 (7th Cir.1982) (facially constitutional); *cf. Tague v. Richards*, 3 F.3d 1133, 1137–40 (7th Cir.1993) (particular application violates sixth amendment, but harmless error). We will not review an issue unless specifically raised and argued in briefs. *See Boyd v. State* (1981), Ind., 425 N.E.2d 85, 87; Ind.Appellate Rule 8.3(A)(7). Therefore, Posey has waived any sixth amendment challenge to I.C. 35–37–4–4.

**6.** Our general assembly enacted the Rape Shield Statute in order to prevent defense attorneys from putting victims on trial when those victims

Moreover, Posey never suggested that during the time period in question, someone else molested D.B. Instead, he attacked the credibility of the State's witnesses as to the occurrence of any molestation during the time in which D.B. resided with him. The trial court properly excluded this evidence under the Rape Shield Statute. *See Baughman v. State* (1988), Ind., 528 N.E.2d 78, 79 (evidence, including conviction, that victim had been molested by stepfather rather than defendant inadmissible under Rape Shield).

### CONCLUSION

The depraved sexual instinct exception applies to Posey because his trial occurred before, and was not pending on appeal, when the *Lannan* court abolished it. Evidence of Posey's uncharged sexual misconduct with D.B. and A.W. was properly admitted as evidence of depraved sexual instinct. The trial court also properly excluded evidence of alleged past molestations of D.B. under the Rape Shield Statute.

Judgment affirmed.

ROBERTSON and NAJAM, JJ., concur.

would assist prosecution of assailants. *Kelly v. State* (1992), Ind., 586 N.E.2d 927, 929. This protection attempts to reduce the embarrassment and denigration associated with rape and molestation to counteract the problem that those crimes are underreported and underprosecuted. *See Thomas v. State* (1984), Ind., 471 N.E.2d 681, 683. Were we to allow a defendant to concoct meritless allegations in order to grill victims about their potentially painful and embarrassing past, it would chill and deter victims from coming forward, and the Rape Shield would be for naught.