Wayne D. CALEY, Jr., Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 35A05–9311–CR–426.

Court of Appeals of Indiana,
Fifth District.

April 28, 1995.

Rehearing Denied June 15, 1995.

Transfer Denied Aug. 7, 1995.

William N. Mills, Mills & Northrop, Huntington, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

RUCKER, Judge.

Defendant–Appellant Wayne D. Caley, Jr. appeals his conviction of one count of Child Molesting as a Class C felony (sexual intercourse) [1] and one count of Child Molesting as a Class D felony (fondling).[2] He raises several issues for our review which we consolidate and rephrase as: 1) whether the trial court properly excluded testimony of the victim's alleged past sexual conduct; 2) whether the trial court erred in admitting certain photographic exhibits into evidence; and 3) whether the trial court erred in admitting the victim's prior consistent statement into evidence.

We affirm.

1. Ind.Code § 35–42–4–3(c), amended by P.L. 79–1994 § 12. Now see I.C. § 35–42–4–9(a).

2. Ind.Code § 35–42–4–3(d), amended by P.L. 79–1994, § 15. Now see I.C. 35–42–4–9(b).

3. We observe that the statement of facts contained in Caley's brief consists of a summary of each witness's trial testimony. We have repeatedly stated that the appellate rules contem-

The facts [3] most favorable to the judgment reveal that the victim, fourteen-year-old J.K., resided with her mother, and her step-father, Defendant Wayne D. Caley, Jr. (Caley). Between July 1990, and June 1991, Caley engaged J.K. in sexual intercourse and fondled her breasts. In August 1992, J.K. informed family friends that she had been molested by Caley. Caley was thereafter arrested, charged, and following a jury trial, convicted of two amended counts of child molesting. This appeal ensued in due course.

### I.

Caley first challenges the trial court's application of the rape shield statute to exclude certain evidence concerning J.K.'s alleged prior sexual activity. Both prior to and during trial, Caley offered to prove that J.K. and Caley's eighteen-year-old son had engaged in sexual relations and that Caley's son rather than Caley was the perpetrator of the molestation. Following a hearing, the court ruled that the evidence was inadmissible pursuant to the rape shield statute. According to Caley, the evidence was admissible under an exception to the rape shield statute, and thus the court's ruling erroneously precluded him from impeaching J.K.'s credibility through cross-examination.

█ Evidence of the sexual history of an alleged victim of a sexual offense is generally inadmissible in the trial of the alleged offender. Ind.Code § 35–37–4–4; *Kelly v. State* (1992), Ind.App., 586 N.E.2d 927, 929, *trans. denied.*[4] One exception to this general prohibition is where a specific instance of sexual activity shows that some person other than the defendant committed the act upon which the prosecution is founded. I.C. § 35–37–4–4(b)(2). Such evidence may be introduced only if the judge determines that it is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not

plate a narrative statement of the facts; a witness by witness summary of testimony is not a statement of facts within the meaning of Ind.Appellate Rule 8.3(A)(5). *Hoover v. State* (1991), Ind.App., 582 N.E.2d 403, *adopted,* (1992), Ind., 589 N.E.2d 243.

4. *See also* Ind.Evidence Rule 412.

outweigh its probative value. I.C. § 35–37–4–4(b); *Kielblock v. State* (1994), Ind.App., 627 N.E.2d 816, 819, *trans. denied.* Further, if the identification of the assailant is not at issue, evidence of the victim's past sexual conduct is not admissible under I.C. § 35–37–4–4(b)(2). *Posey v. State* (1993), Ind.App., 624 N.E.2d 515, 519. *DeMotte v. State* (1990), Ind.App., 555 N.E.2d 1336, 1340–41, *trans. denied.*

▆▆▆ For at least two reasons, the trial court correctly excluded Caley's proffered evidence. First, the evidence Caley presents is not of a specific instance of sexual activity which shows that some person other than Caley committed the acts of molestation. *See* I.C. § 35–37–4–4(b)(2). Rather, Caley merely alleges the existence of an ongoing sexual relationship between J.K. and his son and further admits that the proscribed evidence was intended "to explain the prosecuting witness' considerable sexual experience," *Appellant's Brief* at 27–28. Second, even if the evidence Caley presents had complied with the statutory requirements for the exception, the identity of J.K.'s molester was not at issue. *See Posey,* 624 N.E.2d at 519. Here, the victim consistently and unequivocally named Caley as the perpetrator of the acts of molestation and specifically testified regarding the times, places, and circumstances of the molestation. Accordingly, the trial court properly excluded evidence of J.K.'s alleged past sexual activity under the rape shield statute.

## II.

Caley next contends the trial court erred in admitting into evidence, over his objection, State's Exhibits 2, 3, and 4, consisting of three photographs of partially-clad adult women. According to Caley, the photographs were irrelevant and served only to inflame the passions of the jury and to prejudice them against him.

▆▆▆ The admission of photographs is within the sound discretion of the trial court and the court's ruling will not be disturbed absent an abuse of that discretion. *Marshall v. State* (1993), Ind., 621 N.E.2d 308, 316. Photographs are admissible if they are relevant to any material issue in the case; that

is, if they tend to prove or disprove a material fact or shed any light on the guilt or innocence of the accused. *McCord v. State* (1993), Ind., 622 N.E.2d 504, 511, *reh'g denied; Jenkins v. State* (1993), Ind., 627 N.E.2d 789, 798, *cert. denied* (1994), —— U.S. ——, 115 S.Ct. 64, 130 L.Ed.2d 21; *see also* Evid.R. 401. Even assuming that the photographs at issue here were irrelevant and therefore inadmissible, Caley's argument must nonetheless fail because Caley opened the door to their admission.

▆▆▆ The record shows that during the State's case in chief Caley cross examined the victim, J.K. In so doing he introduced into evidence Defendant's Exhibit "B" which was a letter written by the victim and given to the victim's mother. The letter included the following:

> Mom did you see all the pictures of Wayne's other women. Well, if you didn't at least you saw three of them, one of them was dated "91" do you understand what I'm saying? He's been messing around on you. . . .

*Record* at 210. Prior to Caley's introduction of the letter into evidence, the State had merely shown the pictures referenced therein to three witnesses, including J.K. However, none of the witnesses commented on the contents of the pictures and the State did not initially move to introduce them into evidence. Only after Caley introduced the letter into evidence, did the State then move to introduce the photographs into evidence. A defendant may open the door to otherwise inadmissible evidence by injecting an issue into the trial himself. *Jones v. State* (1992), Ind.App., 605 N.E.2d 193; *Kelly v. State* (1990), Ind.App., 555 N.E.2d 1341 *trans. denied.* Because Caley injected into the trial the issue of the photographs, he may not now complain that the trial court erred by admitting them into evidence. He opened the door on this issue. The trial court did not err.

## III.

Caley last asserts that the trial court erred in overruling his hearsay objection to the introduction of J.K.'s prior consistent statement as substantive evidence. According to

Caley, the statement given by J.K. to Officer Kent Farthing corroborated J.K.'s in-court testimony and thus impermissibly bolstered her credibility. The State counters that the statement was properly admitted because it was offered to rebut an express or implied charge by Caley that the victim resented Caley's harsh disciplinary measures and sought revenge against him.

 In *Modesitt v. State* (1991), Ind., 578 N.E.2d 649, our supreme court adopted Federal Rule of Evidence 801(d)(1) governing the admissibility of prior statements as substantive evidence. Pursuant to *Modesitt*, certain statements made out of court by witnesses who testify at trial and are subject to cross-examination concerning the statements are admissible, under certain circumstances. One such circumstance is present when the statement is consistent with the declarant's trial testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, and the statement is made before the motive to fabricate arose. *Evans v. State* (1994), Ind., 643 N.E.2d 877, 882–83; *Craig v. State* (1994), Ind., 630 N.E.2d 207, 209, *reh'g denied.* Here, J.K.'s statement to Officer Farthing was consistent with her in-court testimony and she was subject to cross-examination concerning the statement. However, although the statement was offered by the State for the purpose of rebutting Caley's express or implied charge against J.K. of recent fabrication or improper influence or motive, the statement was not made before the alleged motive to fabricate arose. Rather, J.K.'s allegedly vengeful motive would have existed prior to the time that she tendered her statement to Officer Farthing. Inasmuch as the statement did not comply with all foundational requirements for the admission of a prior consistent statement, the trial court erred in admitting the statement into evidence.

Nonetheless, an error in the admission of hearsay warrants remedial action on appeal only if such error caused prejudice to the defendant's substantial rights. *Hall v. State* (1994), Ind.App., 634 N.E.2d 837, 843. Here, the contents of the statement neither explained nor elaborated upon the testimony already adduced at trial and were merely cumulative of the victim's earlier trial testimony. The admission of cumulative evidence is not prejudicial and by itself is not grounds for reversal. *Tyson v. State* (1993), Ind.App., 619 N.E.2d 276, 291, *trans denied.* We cannot say that Caley's substantial rights were harmed or that the jury's verdict was substantially swayed by the admission of the hearsay evidence. Thus, any error by the trial court was harmless.

Judgment affirmed.

SHARPNACK, C.J., concurs.

KIRSCH, J., concurs in part and dissents in part with separate opinion.

KIRSCH, Judge, concurring in part and dissenting in part.

I concur with the majority's holding that the trial court properly excluded evidence of the prosecuting witness' alleged past sexual activity pursuant to our rape shield statute. I concur also with the majority's holdings that the admission into evidence of the victim's prior consistent statement was error. It is from the majority's conclusions that the introduction of the three photographs was not error and the admission of the prior statement was harmless that I respectfully dissent.

The three photographs at issue serve no purpose other than to prejudice the jury against the defendant. The prosecutor's comments in response to the defendant's relevancy objection are telling:

"First of all, counsel himself first raised this by introducing ... defendant's exhibit 'B' into evidence. A letter in which these three photographs were specifically referenced. He raised that part. And second of all, *the information I believe is relevant to the question of what the defendant would have us believe about himself.*"

*Record* at 292. (Emphasis supplied). In actuality, the prosecutor first identified the three exhibits during the direct examination of the prosecuting witness, *Record* at 196, before the introduction of the letter to which the prosecutor refers. *Record* at 209–10. The prosecutor then had the photographs

identified by four other witnesses without reference to the letter. *Record* at 217, 225, 290, 306. Finally, we have the prosecutor's own statement that the information is relevant to the defendant's character.

Similarly, the introduction of the prosecuting witness' written statement—a statement which was neither verified, nor dated— served no purpose other than to allow the prosecutor to repeat the testimony of such witness on rebuttal. It was this very "drumbeat of repetition" that our supreme court condemned in *Modesitt v. State* (1991), Ind., 578 N.E.2d 649, 653.

Child sexual abuse cases, such as that now before us, present unique challenges to the prosecution, the defense and the courts. Such cases inevitably turn upon the fact finder's determination of credibility of the prosecuting witness and of the defendant. The present case is no different. The jury chose to believe the prosecuting witness after the defendant's character was improperly impeached through prejudicial and irrelevant photographs and the witness' testimony was improperly bolstered by the introduction of the witness' prior consistent statement.

I would reverse the judgment of the trial court and remand for a new trial.