**Oscar GUILLEN, Sr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–0407–CR–315.

Court of Appeals of Indiana.

June 14, 2005.

Transfer Denied Aug. 25, 2005.

Marce Gonzalez, Jr., Merrillville, for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

SHARPNACK, J.

Oscar Guillen, Sr., appeals his conviction and sentence for battery as a class C felony. Guillen raises three issues, which we revise and restate as:

I. Whether the trial court abused its discretion by excluding specific instances of the battery victim's prior acts of reckless behavior while intoxicated to show a character trait;

II. Whether Guillen was denied the effective assistance of trial counsel;

III. Whether Guillen's sentence violates *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and

IV. Whether Guillen's sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

The relevant facts follow. Guillen and Joi Wilson lived together in Griffith, Indiana, in Wilson's house. On the evening of December 13, 2003, Guillen and Wilson spent the evening at a casino where both Guillen and Wilson drank five to seven Bloody Mary's. At approximately 10:00 p.m., they left the casino and stopped at the Backdoor Lounge. While at the Backdoor Lounge, Guillen drank four or five shots and some beer, and Wilson drank four or five beers and one shot. Guillen became angry when a man approached Wilson and asked her to dance. Guillen told Wilson that he wanted to leave, and they left the bar with Guillen driving.

While driving home, Guillen was "ranting and [r]aving about [Wilson] not being a respectable woman," and punched Wilson on the side of her face. Transcript at 404. As Wilson cowered against the passenger door, Guillen continued to hit her. When they arrived at Wilson's house, Guillen started yelling and screaming at Wilson, grabbed her by the neck, threw her down onto the floor, and started beating her on the face. Guillen then started kicking her on the ribs, legs, and head. Guillen eventually stopped and went into the kitchen. Wilson went to lay down on the couch and later heard a loud crash in the kitchen.

Wilson went into the kitchen and saw that Guillen had broken a glass round table top. Guillen saw Wilson in the kitchen, and Wilson started to run down the hallway. Guillen followed her, cut her back with a piece of broken glass, threw her to the floor, and started hitting and kicking her again. Guillen then told Wilson to clean herself off, and she crawled into the bathroom and started running water in the bathtub. As Wilson sat in the bathtub, Guillen entered the bathroom with a pool cue and poked her on the head and ribs with it. After Guillen left the bathroom, Wilson heard the back door open, wrapped a towel around herself, and ran out the front door to her neighbor's house. Wilson's neighbor called the police and an ambulance. Guillen was gone when the police arrived, but he was arrested a few days later while knocking on Wilson's door. Wilson was treated for her injuries, which included two cuts on her back, a cut

on her forehead, black eyes, swelling on the left side of her head, and swelling to her left eye.

The State charged Guillen with battery as a class C felony. Guillen's defense was that Wilson injured herself when she fell on a glass table top while intoxicated. In conjunction with his defense, Guillen sought to introduce evidence of specific events as "evidence of a pertinent character trait" that Wilson "acts in a manner that is reckless and in disregard to her own health and safety when she is extremely intoxicated." Appellant's Appendix at 74–75; Transcript at 52. Prior to the trial, the State filed a motion in limine to preclude Guillen from introducing evidence of Wilson's prior arrests and convictions, prior bad acts or alcohol usage, or alcoholism. The trial court granted the State's motion.

Guillen's first trial ended in a mistrial, and at the beginning of his second trial, the State renewed its motions in limine. The trial court again granted the State's motions. During the trial, Guillen did not make an offer to prove regarding the specific instances of recklessness by Wilson while intoxicated.

The jury found Guillen guilty as charged. At Guillen's sentencing hearing, the trial court found no mitigating factors but found several aggravating factors: (1) Guillen was out on bond for other offenses when he committed this offense; (2) Guillen has a criminal history; (3) Guillen is in need of correctional and rehabilitative commitment to a penal facility because prior lenient treatment has had no deterrent effect. The trial court sentenced Guillen to 2,865 days in the Indiana Department of Correction.

## I.

The first issue is whether the trial court abused its discretion by excluding specific instances of Wilson's prior acts of reckless behavior while intoxicated to show a character trait. We review the trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. *Noojin v. State*, 730 N.E.2d 672, 676 (Ind. 2000). We reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Joyner v. State*, 678 N.E.2d 386, 390 (Ind.1997), *reh'g denied*. Moreover, under Ind. Evidence Rule 103(a), "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected."

Guillen argues that the trial court abused its discretion by excluding evidence of specific conduct demonstrating Wilson's alleged character trait of recklessness when she is intoxicated. Guillen sought to introduce three specific instances of Wilson's reckless behavior. The State contends that Guillen has waived any error by failing to make a proper offer to prove. In order to preserve the exclusion of evidence for appellate review, a defendant must make an offer to prove, setting forth the grounds for admission of the evidence and the relevance of the testimony. *West v. State*, 755 N.E.2d 173, 184 (Ind.2001); Ind. Evidence Rule 103(a)(2). Guillen made no offer to prove the three specific instances of reckless behavior by Wilson and, thus, has waived this claim. *See, e.g., West*, 755 N.E.2d at 184 (holding that the defendant waived a claim that the trial court abused its discretion by excluding evidence where the defendant made no offer to prove after the State objected to defense counsel's line of questioning).

Waiver notwithstanding, Guillen's argument fails. Guillen contends that the evidence was admissible pursuant to Ind. Evidence Rule 404(a) and Ind. Evidence Rule 405(b). Ind. Evidence Rule

404(a)[1] governs the admissibility of character evidence and provides:

> Character Evidence Generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> \* \* \* \* \*
>
> (2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;
>
> \* \* \* \* \*

Thus, the general rule is that evidence of a person's character is not admissible to prove action in conformity therewith on a particular occasion. *Brooks v. State,* 683 N.E.2d 574, 576 (Ind.1997) (citing Evid. R. 404(a)). However, "[a]n exception to this rule is that a defendant is permitted to introduce 'evidence of a pertinent trait of character of the victim of the crime.'" *Id.* (citing Evid. R. 404(a)(2)).

Ind. Evidence Rule 405 governs the methods of proving character and provides:

> (a) Reputation or Opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct. Upon reasonable pre-trial notice by the accused of the intention to offer character evidence, the prosecution in a criminal case shall provide the accused with any relevant specific instances of conduct to be used in cross-examination.
>
> (b) Specific Instances of Conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.

Guillen contends that the specific instances of Wilson's conduct were admissible as character evidence under Ind. Evidence Rule 405(b). However, even if we assume that the evidence was "pertinent" under Ind. Evidence Rule 404(a), Ind. Evidence Rule 405(b) allows evidence of specific instances of conduct only "[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense." Guillen argues that the specific instances were an essential element of his defense.

Ind. Evidence Rule 405(b) "applies when a person's character is a material fact that determines the parties' rights and liabilities under the substantive law." *In re J.L.V.,* 667 N.E.2d 186, 190 (Ind.Ct. App.1996) (citing *Wanke v. Lynn's Trans. Co.,* 836 F.Supp. 587, 597 (N.D.Ind.1993)). For example, "[a] person's character may be a material fact in deciding who should

---

**1.** Guillen does not argue that Ind. Evidence Rule 404(b) applies. That rule provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

have custody of children as fitness to provide care is of paramount importance. When character has been put in issue by the pleadings in this type of case, evidence of character must be brought forth." *Id.* However, our supreme court has held that the fact that a defendant asserts self-defense does not make the victim's character an essential element of his defense. *See Brooks,* 683 N.E.2d at 577 ("Nor was the victim's character an essential element of Brooks' claim of self-defense. Whether or not [the victim] had violent propensities, the jury could still determine that Brooks did not act in self-defense."). Guillen cites no authority for the proposition that Wilson's character was an essential element of his defense that he did not hit her, and we likewise find no authority to suggest so. Consequently, we cannot conclude that Wilson's character was an essential element of his defense, and the trial court did not abuse its discretion by excluding the evidence of specific instances of reckless conduct by Wilson to show a character trait. *See, e.g., id.*

▮ Moreover, even if the trial court should have admitted the evidence, we conclude that Guillen's substantial rights were not affected. *See* Ind. Evidence Rule 103(a). Throughout the trial, Guillen was able to vigorously present his defense that he did not hit Wilson through his cross examination of Wilson and his own testimony. The character evidence was only slightly relevant, if relevant at all, to this defense, and the trial court's exclusion of the character evidence did not prevent Guillen from presenting his defense. *See, e.g., West,* 755 N.E.2d at 183–185 (rejecting the defendant's argument that he had been denied his right to present a defense by the trial court's exclusion of evidence regarding the victim).

## II.

The next issue is whether Guillen was denied the effective assistance of trial counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *Ben–Yisrayl v. State,* 729 N.E.2d 102, 106 (Ind.2000) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), *reh'g denied* ), *reh'g denied, cert. denied,* 534 U.S. 830, 122 S.Ct. 74, 151 L.Ed.2d 39 (2001). A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *French v. State,* 778 N.E.2d 816, 824 (Ind.2002). To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Failure to satisfy either prong will cause the claim to fail. *Id.* Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. *Id.*

Guillen argues that his trial counsel was ineffective for failing to make an offer to prove the evidence concerning Wilson's character as discussed in Part I, *supra.* We have concluded that even if the issue was not waived, Guillen's argument regarding the admissibility of the evidence under Ind. Evidence Rule 404(a) and Ind. Evidence Rule 405(b) fails. The trial court did not abuse its discretion by excluding the character evidence. Consequently, we cannot say that Guillen was prejudiced by his trial counsel's failure to make an offer to prove, and Guillen's claim of ineffective assistance of trial counsel fails. *See, e.g., Eldridge v. State,* 580 N.E.2d 726, 729–730 (Ind.Ct.App.1991) (holding that the defendant's claim of ineffective assistance of counsel failed where the defendant's trial counsel failed to make an offer to prove

but the evidence would not have been admissible).

### III.

The next issue is whether Guillen's sentence violates *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Guillen argues that he was improperly sentenced to an enhanced sentence because the trial court relied upon aggravating circumstances that were not found by the jury. Guillen asks that we impose the presumptive sentence of four years.

Our supreme court recently concluded that *Blakely* applies to Indiana's sentencing scheme and held "that the sort of facts envisioned by *Blakely* as necessitating a jury finding must be found by a jury under Indiana's existing sentencing laws."[2] *Smylie v. State*, 823 N.E.2d 679, 686 (Ind. 2005). The *Blakely* court applied the rule set forth in *Apprendi v. New Jersey*— "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and

proved beyond a reasonable doubt." *Carson v. State*, 813 N.E.2d 1187, 1189 (Ind. Ct.App.2004) (citing *Blakely*, 124 S.Ct. at 2536, 2543; *Apprendi*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–2363, 147 L.Ed.2d 435 (2000)).

Here, the trial court found no mitigating factors but found several aggravating factors: (1) Guillen was out on bond for other offenses when he committed this offense; (2) Guillen has a criminal history; (3) Guillen is in need of correctional and rehabilitative commitment to a penal facility because prior lenient treatment has had no deterrent effect. Guillen's criminal history consists of convictions for misdemeanor assault, driving while intoxicated, assault by a prisoner, "Driving on Revocation DWI Related," possession of marijuana, aggravated battery, refusing to aid an officer, operating a vehicle while intoxicated resulting in death, operating a vehicle with 10% or more alcohol in the blood resulting in death, and operating while intoxicated.[3] Appellant's Appendix at 114–115. Guillen concedes that the trial court properly considered his criminal history but argues

---

2. We note that our supreme court held in *Smylie* that *Blakely* applies "retroactively to all cases on direct review at the time *Blakely* was announced." *Smylie*, 823 N.E.2d at 689. Guillen was sentenced on June 9, 2004, *Blakely* was announced on June 24, 2004, and Guillen filed his notice of appeal on July 9, 2004. An appeal is initiated by the filing of a notice of appeal. *See* Ind. Appellate Rule 9(A). Thus, arguably, Guillen's case was not on direct review at the time Blakely was announced. *See, e.g., Posey v. State*, 624 N.E.2d 515, 517 (Ind.Ct.App.1993) (holding that our supreme court's elimination of the depraved sexual instinct exception in *Lannan v. State*, 600 N.E.2d 1334 (1992) did not apply retroactively because the defendant did not file his praecipe until December 4, 1992, and his case was not pending on appeal when *Lannan* was decided on October 16, 1992); *cf. Santonelli v. State*, 743 N.E.2d 1281, 1284 (Ind.Ct.App. 2001) (holding that "[t]he distinction made by the court in *Posey* ... between cases in which

conviction had been entered but the direct appeal had not been initiated on the precise day on which *Lannan* was decided has no significance and makes the applicable law dependent on the fortuities of chance"), *trans. denied*. Because the State does not make this argument and because, even if *Blakely* is applicable, we conclude that Guillen's sentence did not violate *Blakely*, we need not address this issue.

3. Guillen has numerous other arrests as listed by the trial court. However, the trial court specifically stated that these charges were not being considered for sentencing purposes. While Guillen suggests that the trial court listed each of the arrests because of "a history of bad blood" between Guillen and the trial court and in an effort to influence this court, we conclude that the trial court properly pointed out which portions of Guillen's criminal history it was considering and which portions it was excluding.

that the other two aggravating factors were improper under *Blakely.*

We addressed a similar circumstance in *Carson,* where the trial court enhanced a defendant's sentence based upon a history of criminal and delinquent activity, a need for corrective or rehabilitative treatment that could best be provided by incarceration in a penal institution or in a work release facility, and the strong likelihood that, based upon his criminal history, he would commit battery again. *Carson,* 813 N.E.2d at 1189. We held that the defendant's multiple convictions had already been proven beyond a reasonable doubt and were exempt from the *Apprendi* rule as clarified by *Blakely. Id.* (citing *Blakely,* 124 S.Ct. at 2536). Further, "a single aggravating circumstance is adequate to justify a sentence enhancement." *Id.* Thus, we held that the defendant's sentence did not violate *Blakely. Id.* Similarly, here, the use of Guillen's criminal history as an aggravating factor did not violate *Blakely,* and this single aggravating factor is adequate to justify Guillen's enhanced sentence. Accordingly, Guillen's sentence did not violate *Blakely. See, e.g., id.*

## IV.

The last issue is whether Guillen's sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Guillen argues that his sentence is inappropriate and requests that we revise the sentence to the presumptive sentence of four years.

Our review of the nature of the offense reveals that Guillen became angry at Wilson because another man asked her to dance. After leaving the bar, Guillen punched Wilson on the side of the head. Upon arriving at Wilson's house, Guillen repeatedly hit Wilson, grabbed her by the neck, kicked her, cut her with a piece of broken glass, and poked her with a pool cue. Our review of the character of the offender reveals that Guillen has an extensive criminal history. Further review of his character is limited by the fact that Guillen failed to include his presentence investigation report in his Appendix. However, we note the following comments by the trial court in its sentencing order:

> The defendant's character is assessed as dishonest, violent, addictive, delusional, anti-social, stubborn and unable to accept the opinions of others, as is evidenced by the series of pro se motions that defendant filed, even though he was represented by counsel and instructed by counsel not to file motions anymore, and even though he was advised by the Court not to file any pro se motions and to let his attorney handle his defense. The Court also assesses defendant's character as explosive.

Appellant's Appendix at 115. After due consideration of the trial court's decision, we cannot say that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and the character of the offender. *See, e.g., Booker v. State,* 790 N.E.2d 491, 497 (Ind.Ct.App. 2003) (concluding that the defendant's sentence was not inappropriate), *trans. denied.*

For the foregoing reasons, we affirm Guillen's conviction and sentence for battery as a class C felony.

Affirmed.

MAY, J. and VAIDIK, J. concur.