**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 03 2013, 7:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS M. TEAGLE**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ADAM J. SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 05A05-1301-CR-41 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BLACKFORD SUPERIOR COURT
The Honorable John Nicholas Barry, Judge
Cause No. 05D01-1109-FD-384

**July 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

As the result of a plea agreement Adam J. Smith pled guilty to theft, a class D felony. He was sentenced to three years with one year suspended. Later the court granted Smith's motion for reduction or suspension of sentence, and Smith was placed on probation for the remainder of his sentence under the court's rules of probation. Several months later the State filed a petition to revoke probation, and after a hearing the court revoked Smith's probation and ordered that the entire portion of his sentence of 675 days, less 4 days' credit time for a total of 671 days, be executed. Smith now appeals from the revocation.

Smith contends that his sentence should be revised in accordance with Indiana Appellate Rule 7, to-wit: the sentence is "inappropriate in light of the nature of the offense and the character of the offender." However, our supreme court has established that Indiana Appellate Rule 7 review is not applicable when reviewing a trial court's action in a probation violation proceeding. *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008); *Prewitt v. State*, 878 N.E.2d 184, 187-88 (Ind. 2007).

Instead, in such proceedings we only review for abuse of discretion. *Prewitt*, 878 N.E.2d at 188. We will affirm the trial court unless its decision is clearly against the logic and effect of the facts and circumstances before the court. *Guillen v. State*, 829 N.E.2d 142, 145 (Ind. Ct. App. 2005), *trans. denied*.

Applying that standard we find no error in the court's decision. The court expressly found that Smith used marijuana during the period in violation of the rules of probation and, also, failed to comply with the terms of his court-ordered day reporting

administered through Blackford County Community Corrections. The evidence produced at the hearing supports both of those findings. We cannot say the decision was clearly against the logic and effect of the circumstances. These were not simply very minor technical violations of the rules.

The decision is therefore affirmed.

BAKER, J., and BARNES, J., concur.