## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 15 2016, 6:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paul J. Podlejski
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Shane Melton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 15, 2016

Court of Appeals Case No.
48A05-1508-CR-1204

Appeal from the
Madison Circuit Court

The Honorable
David A. Happe, Judge

Trial Court Cause No.
48C04-1202-FC-230

**Kirsch, Judge.**

Christopher Shane Melton ("Melton") appeals the revocation of his probation contending that the trial court abused its discretion by ordering him to serve the previously suspended sentence.

We affirm.

## Facts and Procedural History

In July 2013, Melton pleaded guilty to one count of dissemination of material harmful to minors as a Class D felony. He was sentenced to three years in the Department of Correction ("DOC"), with six months executed and thirty months suspended to supervised probation.

On June 10, 2015, the State filed a Notice of Violation of Probation ("the Notice"), alleging that Melton had not complied with the following conditions of his probation:

    a) Failure to obtain GED and provide written verification to Probation Department;

    b) Failure to participate in sex offender treatment through facility/program approved by Probation Department, comply with all treatment recommendations, and provide written verification of successful completion to the Probation Department;

    c) Failure to pay court costs in the amount of $168.00;

    d) Failure to pay restitution in the amount of $10.00;

      e) Failure to pay probation fees; and

      f) Failure to abstain from the use of alcohol/illicit drug during the period of probation.

*Amended Appellant's App.* at 112.

[5] During the revocation hearing, the State introduced evidence that Melton failed a drug screen by testing positive for benzodiazepine ("Xanax") in March 2015 and gave his parole officers Steven Christman ("Christman") and Lauren Roberts ("Roberts") conflicting accounts regarding the cause for the positive drug screen. Melton told Christman that his ex-wife drugged him, and he told Roberts the Xanax was administered to him through an IV while hospitalized for hernia procedures on two different occasions.[1] *Tr.* at 51, 108. Melton admitted to Roberts that he did use Xanax without a valid prescription. *Id.* at 73. There was no evidence to show that Melton was treated with Xanax while in the hospital or via a valid prescription.

[6] Kari Byrd ("Byrd"), a counselor for sex offender therapy provider, New Life, testified that Melton was discharged from treatment in June of 2015 without success because he refused to take full responsibility for having committed the offense, which she stated was the foundation of treatment. *Id.* at 35, 93.

---

[1] The record contains conflicting evidence regarding whether the hernia procedure was before or after the failed drug test. Christman testified the hernia procedure took place in April, and Melton testified that it occurred in March. *Tr.* 73-75, 86, 91-92.

Christman testified that Melton occasionally accepted minimal responsibility, but only when confronted with the threat of being removed from the sex offender treatment program for lack of taking responsibility for his charge. *Id.* at 57. Byrd also cited Melton's failed drug screen as a reason for his removal. *Id.* at 35.

Melton admitted that he did not have his GED at the time of the hearing, but thought he would be able to submit the verification closer to the end of his probation period. Melton also admitted that he owed the outstanding balances for the court costs and restitution, and the parties agreed that the probation fee was paid. At the conclusion of the hearing, the trial court found the allegations in the Notice of Violation to be true. Melton's probation was revoked, and he was ordered to serve the previously suspended thirty-month potion of his sentence. Melton now appeals.

## Discussion and Decision

Melton argues that the trial court abused its discretion when it revoked his suspended thirty-month sentence and ordered him to serve it in the DOC. He contends that not enough weight was given to the fact that this was his first violation. Melton argues that an appropriate sanction is based upon the severity of the violation, which would have required a determination of whether the defendant committed a new criminal offense. *Heaton v. State* 984 N.E.2d 614 (Ind. 2013). He contends that he had not committed a new criminal offense; therefore, a full revocation of his previously suspended sentence was unwarranted, and a more appropriate sanction would have been to extend his

probation, place him on in-home detention, or allow him to serve his sanction in the work release facility. He also asserts that the revocation of his probation and order to serve the entire sentence was an abuse of discretion because the evidence in the record reflected that he had remained gainfully employed and that his employers valued him. *Prewitt v. State*, 878 N.E.2d 184 (Ind. 2007).

[9] The decision to revoke probation is within the sole discretion of the trial court. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). A trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard, and under an abuse of discretion standard, the trial court's decision can be affirmed if there is any evidence to support the decision. *Ault v. State*, 705 N.E.2d 1078, (Ind. Ct. App. 1999). The trial court has the right to accept any witness's account of the facts and disbelieve the account of any other witness. *Menifee v. State*, 600 N.E.2d 967, 970 (Ind. Ct. App. 1992), *clarified on denial of reh'g,* 605 N.E.2d 1207 (Ind. Ct. App. 1993) (citing *Hunter v. State*, 172 Ind. App. 397, 360 N.E.2d 588, 604 (1977)). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Guillen v. State*, 829 N.E.2d 142, 145 (Ind. Ct. App. 2005).

[10] Here, the trial court did not abuse its discretion when it revoked Melton's probation and ordered him to serve his suspended sentence in the DOC. The trial court was not obligated to balance any aggravating or mitigating circumstances when imposing a sentence in a probation revocation proceeding. *Treece v. State*, 10 N.E.3d 52, 59-60 (Ind. Ct. App. 2014).

The violations of a single condition of probation is sufficient to revoke probation. *Beeler v. State*, 959 N.E.2d 828,831 (Ind. Ct. App. 2011). The evidence presented at the hearing established that Melton did not successfully complete the sex offender treatment, tested positive for Xanax, and failed to pay all fees ordered. Evidence that Melton had not previously violated his probation or that he was partially compliant is not dispositive. Restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that a probationer living within the community does not harm the public. *Bonner v. State*, 776 N.E.2d 1244, 1247 (Ind. Ct. App. 2002). Here, there was evidence before the trial court that Melton violated his probation by using Xanax and did not complete sex offender therapy successfully, raising an issue whether he was trying to achieve genuine rehabilitation. Revocation of Melton's previously suspended sentence did not go against the logic and effect of the facts and circumstances surrounding his violation, and the trial court's order revoking probation and sentencing him to the DOC for the suspended thirty-month sentence was not an abuse of discretion.

Affirmed.

Riley, J., and Pyle, J., concur.