## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 01 2019, 6:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR THE APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph G. Ross,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 1, 2019

Court of Appeals Case No.
18A-CR-2065

Appeal from the Floyd Superior
Court

The Honorable Susan L. Orth,
Judge

Trial Court Cause No.
22D01-0912-FA-3263

**Bradford, Judge.**

# Case Summary

On June 7, 2012, the trial court accepted Joseph G. Ross's guilty plea to Class B felony possession of cocaine and sentenced him to fifteen years of incarceration with three years suspended to probation. On December 22, 2015, Ross was placed on probation. On July 30, 2018, following two notices of probation violations, the trial court found that Ross had violated the terms of his probation and ordered the three years of his previously-suspended sentence to be executed. Ross contends that the trial court abused its discretion by revoking the entirety of his suspended sentence. We affirm.

# Facts and Procedural History

On December 16, 2009, Ross was charged with Class A felony possession of cocaine and Class B misdemeanor possession of marijuana. (App. Vol. II p. 20). Ross and the State entered into a plea agreement on April 26, 2012, pursuant to which Ross would plead guilty to Class B felony possession of cocaine in exchange for a sentence of fifteen years of incarceration with three years suspended to probation. (App. Vol. II p. 48). The trial court accepted Ross's plea and sentenced him in accordance with the plea agreement. (App. Vol. II p. 97).

On December 22, 2015, Ross was placed on probation. On May 11, 2016, the State filed a notice of probation violation alleging that he had (1) failed to maintain good behavior, (2) committed Level 6 felony counterfeit and Class A

misdemeanor theft, (3) failed to comply with the LifeSpring Project 180[1], and (4) failed to pay $710.00 in fines. (App. Vol III. p. 82). On May 26, 2016, the State sought to revoke Ross's probation. (App. Vol III. p. 83).

[4] Following the first notice of probation violation, Ross missed required probation meetings on May 12, 2017, August 31, 2017, and September 14, 2017. On September 19, 2017, the State filed an amended notice of probation violation, adding allegations that Ross had failed to report to a probation officer as directed on multiple occasions, failed to report for review, and now had $1135.00 of outstanding fees. Following a hearing on the amended petition on July 30, 2018, (App. Vol. II p. 18), the trial court found Ross had violated the terms of his probation and revoked the suspended portion of his sentence. (App. Vol. III p. 99).

# Discussion and Decision

[5] Ross contends that the trial court abused its discretion by revoking the entirety of his three-year suspended sentence. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Probation revocation is a two-step process: (1) the court must make a factual determination that a violation of a

---

[1] LifeSpring is a not-for-profit community mental health center, whose stated mission is "to improve and sustain the quality of life in our communities by providing comprehensive behavioral health, addiction, primary care and related services." *History and Mission*, LIFESPRING HEALTH SYSTEMS, http://www.lifespringhealthsystems.org/about-us/history-and-mission/ (last visited Mar. 8, 2019).

condition of probation occurred, and (2) if a violation is proven, the court must determine if the violation warrants a revocation of the suspended sentence. *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied*. In response to a petition to revoke, a court may "order execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3). The violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999). We review the determination of a probation violation and imposition of sanctions for an abuse of discretion. *Prewitt*, 878 N.E.2d at 188. We will only reverse where the revocation is clearly against the logic and effects of the facts and circumstances. *Guillen v. State*, 829 N.E.2d 142, 145 (Ind. 2005).

[6] We conclude that the trial court did not abuse its discretion in finding that Ross committed several probation violations. It is undisputed that Ross pled guilty to Level 6 felony forgery and failed to pay up to $710.00 in fees. Additionally, the trial court's findings that Ross failed to attend or participate in several required meetings and courses were supported by ample evidence. Ross contends that because these probation violations were minor the trial court should only have revoked half of his three-year sentence rather than revoking all of it. However, this determination is subject to the discretion of the trial court. Ross committed another felony, failed to pay fees, and failed to attend classes and probation meetings even after the State filed a notice of probation violation. Probation has not caused Ross to correct his poor behavior. The court was well within its

discretion to revoke the entirety of Ross's sentence after he committed several probation violations and another criminal offense.

[7] The judgement of the trial court is affirmed.

Bailey, J., and Brown, J., concur.